FILED
United States Court of Appeals
Tenth Circuit

September 25, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DEAN CARBAJAL,

        Plaintiff–Appellant,

v.

MATTHEW S. HOLMAN, Deputy
Assistant Attorney General for the State of
Colorado, in his individual and official
capacity; DELTA COUNTY BOARD OF
COUNTY COMMISSIONERS; a
political subdivision of the State of
Colorado; SHERRI PRICE, a Deputy
District Attorney for the Second Judicial
District, in her individual and official
capacity,

        Defendants–Appellees.

No. 12-1152

(D.C. No. 1:12–CV–00205-LTB)

(D. Colorado)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff appeals from the district court's dismissal without prejudice of his pro se civil rights action against an attorney in the Colorado attorney general's office, a deputy district attorney, and the Delta County Board of County Commissioners. Plaintiff's complaint was premised on the fact that, allegedly in violation of the terms of his plea agreement, his name was not removed from the sex offender registry after he completed a deferred judgment. He contended that Defendants violated his constitutional rights by, inter alia, opposing his petition for removal from the registry in the then-pending state court proceedings. The district court dismissed the action without prejudice pursuant to the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), based on the ongoing state proceedings. The court also held that Plaintiff's claims lacked merit for other reasons, such as prosecutorial immunity, the statute of limitations, and the lack of a legal basis for holding the board of county commissioners liable for the actions of the district attorney's office.

On appeal, the situation has changed somewhat. The state appellate court has issued a decision reversing the state trial court's decision and granting the main form of relief requested by Plaintiff—the removal of his name from the sex offender registry. Thus, Plaintiff's claims are now moot to the extent they requested this relief. Plaintiff argues his claims for monetary damages and further injunctive relief are not mooted by this decision; however, whether or not these claims are moot, they were appropriately dismissed by the district court. As explained by the district court, Plaintiff's claim for monetary damages against the board of county commissioners fails because the board

cannot be held liable for his alleged injury in this case. Similarly, his claims for monetary damages against the individual defendants fail based on prosecutorial immunity. As for Plaintiff's request for further injunctive relief, the precise form of this requested relief is not clear, but he appears to seek an injunction preventing Defendants from ever having any further involvement in any pending or future prosecutions involving Plaintiff. Such a broad restriction on state prosecutors' prosecutorial powers would violate "the notion of 'comity,' that is, a proper respect for state functions." *Younger*, 401 U.S. at 44. We conclude that Plaintiff's vague and broad request for further injunctive relief was appropriately dismissed without prejudice.

The district court dismissed the complaint without prejudice under *Younger*. We affirm this dismissal without prejudice as to the bulk of Plaintiff's complaint based on mootness and the notion of comity. As for Plaintiff's claims for monetary relief, however, we affirm on alternate grounds that present a complete bar to relief. Thus, while we **AFFIRM** the substance of the district court's order, we **VACATE** the dismissal without prejudice of Plaintiff's claims for monetary damages and **REMAND** for the district court to enter an order instead dismissing these claims with prejudice. We **GRANT** Plaintiff's motion to proceed *in forma pauperis* on appeal and remind him of his

-3-

obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge